IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS ) <br> OF THE NORTHERN ILLINOIS PENSION ) <br> FUND AND WELFARE FUNDS, ) <br>      Plaintiff, ) <br>                                                   ) <br>            v.                                  ) <br>                                                   ) <br> KHLOUD HEGAZIN, individually and d/b/a ) <br>   American Group Trucking Co., ) <br>      Defendant.                       ) | No. 08 C 1228 <br> Hon. Judge Guzman |

### DEFENDANT KHLOOD HEGAZIN'S RULE 12(b)(6) MOTION TO DISMISS COMPLAINT

Defendant Khlood Hegazin ("Defendant"), improperly sued as Khloud Hegazin, by her attorney, pursuant to Federal Rule of Civil Procedure 12(b)(6), for her Rule 12(b)(6) Motion to Dismiss Complaint, states as follows:

1.      On February 29, 2008, Plaintiff, Trustees of the Suburban Teamsters of Northern Illinois Pension Fund and Welfare Funds ("Plaintiff"), filed its Complaint alleging that Defendant breached a contract by failing to make certain contributions to Plaintiff pursuant to an agreement between the parties (the "Complaint"). Plaintiff alleges that Defendant entered into an Area Construction Agreement for the period covering June 1, 2006 through May 31, 2009 (the "Agreement"), see Complaint at ¶ 4, and that Defendant breached the Agreement by failing to make certain payments under the Agreement. Id. at ¶¶ 5-6. Plaintiff seeks to recover those payments by suing Plaintiff in her individual capacity, alleging that Plaintiff's company, incorrectly identified as

1

American Group Trucking Co., "is not, nor ever has been, a corporation licensed to do business in the State of Illinois.  See Complaint at ¶ 3.

2.  Defendant is the President of America's Group Trucking Company (America's Group") an Illinois corporation incorporated on April 13, 2007, and currently in good standing.  It is in her capacity as President of America's Group that Defendant signed the Agreement.  As the Exhibit attached to the Complaint indicates, the Agreement was entered into between Plaintiff and the "Company" and executed by Defendant on behalf of the "Company."  This Court need go no further than the face of the Complaint to determine that the Agreement was entered into between Plaintiff and an entity – not Defendant in her individual and personal capacity.  As such, the Complaint must be dismissed as it is not proper to sue the owner personally for the liabilities of an entity she owns.

3.  "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a plaintiff has stated a claim for which relief may be granted."  Davit v. Davit, 366 F. Supp. 2d, 641, 649 (N.D. Ill. 2004).  Under Illinois law, a corporation is a separate and distinct entity from its shareholders, officers and directors and those individuals are not liable for, and may not be sued for, the corporation's obligations.  APS Sports Collectibles, Inc. v. Sports Time, Inc., 299 F.3d 624, 628 (7th Cir. 2002)(Affirming the dismissal of individual defendants for the liabilities of the corporation).

4.  The Agreement was entered between Plaintiff and a corporation owned by Defendant.  It is the corporation that is liable for any damages to which Plaintiff may be entitled, not Defendant.  Accordingly, the Complaint should be dismissed.

WHEREFORE, Khlood Hegazin respectfully requests that this Court enter an Order: (1) dismissing the Complaint; and (2) providing such further relief as this Court deems just.

                                                 Khlood Hegazin


                                                 By: /s/ James E. Taylor
                                                 One of her Attorneys

James E. Taylor
Law Office of James E. Taylor, P.C.
8741 S. Greenwood Ave.
Suite 203
Chicago, IL  60619
(773) 731-1970

## **CERTIFICATE OF SERVICE**

      I, James E. Taylor, an attorney, hereby certify that the foregoing has been served upon the following:

    John J. Toomey
    Arnold & Kadjan
    19 West Jackson Blvd.
    Chicago, Illinois  60604

by electronic mail this 26th day of March, 2008.

                                                        /s/ James E. Taylor
                                                        _____
                                                        James E. Taylor