IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF THE NORTHERN ILLINOIS PENSION FUND AND WELFARE FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>KHLOOD HEGAZIN, individually and d/b/a American Group Trucking Co.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 08 C 1228<br>)<br>)  Judge Guzman<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF THE NORTHERN ILLINOIS PENSION FUND AND WELFARE FUNDS, by and through its attorneys, JOHN TOOMEY and ARNOLD AND KADJAN, and for its Response to Defendant's Motion to Dismiss, state as follows:

1.  On February 29, 2008, Plaintiffs filed their Complaint against Defendant alleging a failure to make contributions pursuant to an Area Construction Agreement (the "Agreement") which Defendant entered into for the period June 1, 2006 through May 31, 2009. See copy of Agreement attached hereto as Exhibit "1" (previously attached to Plaintiffs' Complaint).

2.  Defendant now seeks to dismiss Plaintiffs' complaint arguing that Plaintiffs have incorrectly sued Defendant in her personal capacity for the liabilities of an entity she owns. Defendant alleges in her Motion to Dismiss that she signed the Agreement "in her capacity as President of America's Group [Trucking Company]." See Defendant's Motion to Dismiss at ¶ 2.

3.  Defendant's argument ignores the face of the Agreement itself. It is clearly

spelled out on the Agreement that the "Company" which entered into the Agreement is "American Group Trucking Co." and **not** "America's Group Trucking Company." The Agreement also discloses that under the "Title" heading, the Defendant signed in her own individual capacity as "Khloud Hegazin" and did not indicate that she was President of any corporation. See Exhibit "1".

4. For the Defendant to now argue that she should be given the corporate protection of a non-party to the Agreement would require a showing that Defendant was authorized to operate under an assumed corporate name of a corporation (namely "America's Group Trucking Company").

5. Under the Illinois Business Corporation Act of 1983 (the "Business Act"), in order to transact business under an assumed corporate name, a corporation must, for each assumed name it wishes to use, execute and file an application which discloses: (1) its true corporate name, (2) the state under which it is organized, (3) the fact that it plans to transact business under an assumed corporate name, and (4) the assumed name it plans to use. 805 ILCS 5/4.15(c). Further, under the Illinois Assumed Business Name Act (the "Assumed Name Act"), "No person or persons shall conduct or transact business in this State under an assumed name, or under any designation, name or style, corporate or otherwise…unless such person or persons shall file in the office of the County Clerk of the County in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which the business is, or is to be, conducted or transacted…" 805 ILCS 405/1. "Where these procedures are not followed, the corporation is required to conduct business under its corporate name." Hoskins Chevrolet, Inc. v. Ronald Hochberg, 294 Ill.App.3d 550, 555 (4th Cir. Ill. 1998).

6.　　In <u>Hoskins,</u> the Court held that a trial court did not err in finding that a "corporation's use of the unregistered name Diamond Auto Construction was sufficient to impose personal liability on him." <u>Id</u>. at 553. The Court specifically held that the "defendant presented no evidence of a good-faith effort to comply with the statutory formalities of the Act for either creating a corporation or operating under an assumed name. Accordingly, [defendant] was not a *de facto* corporation" and personal liability was proper. <u>Id</u>. at 556. Other cases have similarly held that where a party fails to comply with the formalities regarding the registration of an assumed name, that party cannot claim the benefit of conducting business under a properly registered assumed name. See <u>Precision Components, Inc. v. Kapco Communications</u>, 131 Ill.App.3d 555, 560, 475 N.E.2d 1071, 1075 (1st Dist. 1985) (holding that where a company "failed to comply with the statutory requirements for adopting an assumed name, the corporate name is the name under which it was required to conduct business"); <u>Gerald Sullivan v. Stanford Brinsky</u>, 1996 U.S. App. LEXIS 9719 (7th Cir. 1996) (holding that a finding of personal liability was proper where an individual signed a collective bargaining agreement under a name other than that of the corporation which it subsequently sought to hide behind) (a copy of the <u>Sullivan</u> decision is attached hereto as Exhibit "2"); <u>Theresa Kievman v. Edward Hospital</u>, 135 Ill.App.3d 442, 447, 481 N.E.2d 909, 913 (2d Dist. 1985) (holding that where a corporation "acts by a wrong name it will not be permitted to benefit thereby nor be allowed to use its name in a manner which results in fraud or deception")

7.　　In the case at bar, the Defendant has not alleged that it signed the Agreement under the assumed name of any corporation nor has it alleged any effort to comply with the requirements under the Business Act and Assumed Name Act to transact business under an assumed name. As such, Defendant cannot now be afforded the benefits of operating under the

assumed name of a corporation which was not disclosed on the face of the Agreement. If Defendant is allowed to now claim the benefit of being a properly registered assumed name, "a smattering of unhealthy ramifications would result, and funds like the [Plaintiffs'] here would face an unwarranted uncertainty as to the true identity of a signatory to a collective bargaining agreement." Sullivan, 1996 U.S. App. LEXIS at 5. Therefore, the Plaintiff's Complaint which seeks personal liability of the Defendant is proper and should not be dismissed under Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant's motion to dismiss Plaintiffs' Complaint.

Respectfully submitted,

**TRUSTEES OF THE SUBURBAN TEAMSTERS OF THE NORTHERN ILLINOIS PENSION FUND AND WELFARE FUNDS**

By: _____
One of their Attorneys

John J. Toomey
**ARNOLD AND KADJAN**
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

# EXHIBIT 1



# EXHIBIT 2

FOCUS - 7 of 75 DOCUMENTS

GERALD M. SULLIVAN, et al., Plaintiffs-Appellees, v. STANFORD BRINSKY d/b/a BANNER PLUMBING SERVICE, Defendant-Appellant.

No. 95-2164

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

1996 U.S. App. LEXIS 9719

January 11, 1996, Argued
April 12, 1996, Decided

**NOTICE:** [*1] RULES OF THE SEVENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 82 F.3d 420, 1996 U.S. App. LEXIS 21233.

**PRIOR HISTORY:** Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 93 C 5940. Charles P. Kocoras, Judge.

**DISPOSITION:** Affirmed.

**COUNSEL:** For GERALD M. SULLIVAN, not individually but as a Trustee of Plumbers' Pension Fund, Local 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, GROUP LEGAL SERVICES PLAN FUND, Plaintiffs - Appellees: Paul V. Esposito, Douglas A. Lindsay, Blake T. Lynch, LEWIS, OVERBECK & FURMAN, Chicago, IL.

For STANFORD BRINSKY, dba Banner Plumbing Service, Defendant - Appellant: Jerry P. Clousson, Joseph Butz, CLOUSSON & BUTZ, Chicago, IL.

**JUDGES:** Before Hon. JESSE E. ESCHBACH, Circuit Judge, Hon. JOHN L. COFFEY, Circuit Judge, Hon. TERENCE T. EVANS, Circuit Judge

**OPINION**

ORDER

The trustee of four multiemployer benefit funds filed this suit in 1993 against Stanford Brinsky d/b/a Banner Plumbing Service. The complaint, which stated claims under [*2] ERISA and the Labor Management Relations Act of 1947, alleged that Brinsky was personally liable for unpaid contributions to the funds. Brinsky denied the claim, and a year and a half after the suit was filed both sides move for summary judgment. The district court looked favorably on the trustee's motion and gave him a judgment for $ 140,818.71. A little later, a second judgment covering interest, costs, and attorney's fees was entered in favor of the trustee for $ 88,934.38. Brinsky appeals.

The standards employed in ruling on motions for summary judgment are well known. We need not and will not repeat them here. Instead, we will move quickly to Brinsky's claim that he is not personally liable to the trustee.

Brinsky claims the funds have sued the wrong party because he is not personally liable for the delinquent contributions. Brinsky does not dispute that his signature appears on the critical collective bargaining agreement covering the period from June 1, 1990, through May 1992. He says, however, that he signed the agreement only as an officer of "Brinsky Enterprises, Inc."

Brinsky's position finds absolutely no support on the face of the agreement. The name "Brinsky Enterprises, [*3] Inc." does not appear. The agreement is signed by Stanford Brinsky and lists "Banner Plumbing Service" as the employer. Brinsky acknowledges that Banner Plumbing Service is not an Illinois corporation. It is his position, however, that Banner Plumbing Services is the assumed name that the corporation "Brinsky Enterprises, Inc." has been using since its incorporation and with which the funds had been dealing. Accordingly, he claims that "Brinsky Enterprises, Inc." is the proper party bound by the collective bargaining agreement.

The district court was not persuaded by Brinsky's argument and neither are we. Although there is evidence tending to show that Brinsky Enterprises, Inc. at times operated under the name of "Banner Plumbing Service," the signatures on the agreement are clear and unmistakable.[1] Brinsky signed the collective bargaining agreement and submitted contribution reports not on behalf of "Brinsky Enterprises, Inc." but rather as an individual doing business as Banner Plumbing Service.

> [1] Compare this to *Sullivan v. Terry Cox d/b/a Central Emerald*, 78 F.3d 322 (1996), where the collective bargaining agreement noted that the legal name of the business was "Central Emerald," a box under the heading "type of entity" was checked in the space marked "corporation" and the signature line was signed "Terry Cox President."

[*4] In support of his contention that the funds should have known they were dealing with Brinsky Enterprises, Inc., Brinsky claims that from the date of incorporation, Brinsky Enterprises, Inc. made and the funds accepted all contribution payments due by checks issued in the name of "Brinsky Enterprises, Inc." The checks were signed by a corporate officer other than Stanford Brinsky. This argument, however, ignores the fact that the name "Banner Plumbing Service" also appears on the checks. Moreover, the signature on the check is of little or no significance, for neither ERISA nor the agreement requires that contributions be made only by a signatory to the agreement.

Brinsky also argues that the fact that Banner Plumbing Service has no financial accounts, statements, or tax records compels the conclusion that Brinsky Enterprises, Inc. is the proper party to this litigation. The fact of the matter, however, is that Brinsky signed the agreement and submitted all contribution reports under the name of Banner Plumbing Services. At no time prior to the institution of this lawsuit did he reveal to the funds that he was acting on behalf of Brinsky Enterprises, Inc., yet he now seeks to position [*5] himself behind the corporate veil. Were we to accept Brinsky's interpretation, a smattering of unhealthy ramifications would result, and funds like the plaintiffs' here would face an unwarranted uncertainty as to the true identity of a signatory to a collective bargaining agreement.

Finally, the case law cited by Brinsky is wholly inapplicable. Brinsky goes to great lengths to argue that the funds cannot recover from him personally, because the funds have failed to allege that Brinsky Enterprises, Inc. was Brinsky's "alter ego." Brinsky's argument misses the mark. The funds are not trying to impose personal liability upon him by piercing the corporate veil. Rather, they seek to recover from Brinsky in his individual capacity based on his signature on the agreement as an individual doing business as Banner Plumbing Service. Alter ego jurisprudence is foreign to this case.

We agree with the funds' position that under the circumstances Brinsky is the party personally bound by the terms of the collective bargaining agreement. We further conclude that the amount of the award, which is the precise sum found to be due after an audit, also should not be disturbed. Lastly, Brinsky raises [*6] other attacks on the funds' motion, most of which were either not raised below or are inconsistent with the arguments he did raise. These arguments have been waived. And so, because summary judgment was properly ordered for the trustee, the judgment of the district court is affirmed.