IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS ) <br> OF THE NORTHERN ILLINOIS PENSION ) <br> FUND AND WELFARE FUNDS, ) <br>         Plaintiff, ) <br> ) <br>           v.                                          ) <br> ) <br> KHLOUD HEGAZIN, individually and d/b/a ) <br>  American Group Trucking Co., ) <br>         Defendant. ) | No. 08 C 1228 <br> Hon. Judge Guzman |

## DEFENDANT KHLOOD HEGAZIN'S REPLY IN SUPPORT OF HER RULE 12(b)(6) MOTION TO DISMISS COMPLAINT

Defendant Khlood Hegazin ("Defendant"), improperly sued as Khloud Hegazin, by her attorney, for her Reply in Support of Her Rule 12(b)(6) Motion to Dismiss Complaint, replies as follows:

Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). The Motion seeks dismissal of Defendant because the contract at issue was properly entered into between Plaintiff and a company owned by Defendant, America's Group Trucking Company ("America's Group"), not Defendant personally. Because America's Group was the proper party to the contract, not Defendant, Defendant should be dismissed and America's Group sued for the alleged damages.

Plaintiff, in its Response to Defendant's Motion to Dismiss (the "Response"), relies upon the following two arguments: (1) because the contract recites the name of the company as "American Group Trucking Co." in order for Defendant to have the veil of

1

protection provided by Illinois corporation law she would need to have been authorized under Illinois law to operate under the assumed name of America's Group Trucking Company; and (2) because Defendant's signature appears next to the space marked "Title" instead of indicating she was the President, subjects her to personal liability. Both arguments must fail.

Defendant concedes that the contract recites the "Company" as "American Group Trucking Co.," that "American Group Trucking Co." was not licensed to do business in Illinois and that Defendant was not authorized to use America's Group Trucking Company as an assumed name. Despite these concessions, Plaintiff's first argument must fail. The contract clearly contemplates an agreement between two companies. On the signature page the contract contains two sections of signatures, one "FOR TEAMSTERS LOCAL 179" and one "FOR THE COMPANY." Next a space is provided for identification of the "COMPANY" and "American Group Trucking Co." is written. The address and telephone number provided are for America's Group and the President of America's Group, Defendant, signed the agreement. It was merely a one letter scrivener's error (America**n** instead of America**'s**) in identifying the name of the "COMPANY" and Plaintiff's argument with respect to assumed name authorization is misplaced as America's Group was duly licensed and the proper party to the agreement.

It is clear from the face of the contract that the parties contemplated an agreement between two entities, not an entity and an individual. Therefore, Plaintiff should not be permitted to rely upon a scrivener's error to avoid the true intent of the agreement.

The fact that Defendant's signature appears next to the space marked "TITLE" should also have no impact on the parties' clear intent to enter into an agreement between

2

two companies.  As called for in many agreements, Defendant merely signed her name on one line and printed it on one line so that the identity of the signatory would be clearer. The failure to identify herself as the President does not change the fact that she was signing, as indicated in the contract, "FOR THE COMPANY" and not in her personal capacity.

For the foregoing reasons and those stated in her motion to dismiss, Defendant Khlood Hegazin respectfully requests that this Court enter an Order: (1) dismissing the Complaint; and (2) providing such further relief as this Court deems just.

        Khlood Hegazin


By: /s/ James E. Taylor
One of her Attorneys

James E. Taylor
Law Office of James E. Taylor, P.C.
8741 S. Greenwood Ave.
Suite 203
Chicago, IL  60619
(773) 731-1970

## **CERTIFICATE OF SERVICE**

      I, James E. Taylor, an attorney, hereby certify that the foregoing DEFENDANT KHLOOD HEGAZIN'S REPLY IN SUPPORT OF HER RULE 12(b)(6) MOTION TO DISMISS COMPLAINT has been served upon the following:

    John J. Toomey
    Arnold & Kadjan
    19 West Jackson Blvd.
    Chicago, Illinois  60604

by electronic mail this 7th day of May, 2008.

                                              /s/ James E. Taylor
                                              _____
                                              James E. Taylor