## United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1228 | **DATE** | 6/19/2008 |
| **CASE TITLE** | Trustees of the Suburban Teamsters of the Northern Illinois Pension Fund and Welfare Funds vs. Khloud Hegazin | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, defendant's motion to dismiss [doc. no. 10] is denied.

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

The Trustees of the Suburban Teamsters of Northern Illinois Pension and Welfare Funds ("the Funds") have sued Khloud Hegazin for her alleged breach of contract to make certain contributions to the Funds. The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss. For the reasons set forth below, the motion is denied.

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but plaintiff must make sufficient "[f]actual allegations . . . to raise [her] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted).

Defendant says the Funds have incorrectly sued her individually because the parties' contract establishes that she signed it as president of a corporate entity, America's Group Trucking Co., not in her individual capacity. The Funds, of course, contend that the contract shows just the opposite.

The only parts of the contract currently before the Court are its title and signature pages, which are attached to the complaint. The Title page says: "Area Construction Agreement Between Teamsters Local 179, as an affiliate of the International Brotherhood of Teamsters, and Contractors Association of Will and Grundy Counties, June 1, 2006 through May 31, 2009." (Compl., Ex. A.) The signature page provides as follows:

```
FOR TEAMSTERS LOCAL 179
BY:        Thomas (illegible signature)
TITLE:     President
DATE:      5/1/07

FOR THE COMPANY
COMPANY:   American Group Trucking Co.
ADDRESS:   19425 Barrett Lane
Mokena, IL. 60448
PHONE:     708-369-2595
BY:        Khloud Hegazin
TITLE:     Khloud Hegazin (signature)
DATE:      5-1-2007
```

(*Id.*)

The heading "For The Company" followed by a corporate name, suggests that the agreement was entered into by a corporation, American Group Trucking Co., and Local 179. However, the Illinois Secretary of State has no record of a corporation named American Group Trucking Co., *see* http://www.ilsos.gov/corporatellc/CorporateLlcControllerCorp.,[1] and, in the space labeled "Title," defendant signed only her name, not her corporate position.

Defendant says her incorrect identification of the company, which is really America's Group Trucking Co., *see id.*, File Detail Report, America's Group Trucking Co., and failure to list a corporate title on the contract are irrelevant. What controls, she contends, is the fact that the contract purports to be signed by a corporation, not an individual.

In reality, the parts of the contract before the Court provide some support to both parties' arguments. As a

---

[1] The Court may consider public records, and other matters of which it can take judicial notice, in deciding a Rule 12(b)(6) motion to dismiss. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

result, the question of the capacity in which defendant signed the contract is one of fact that cannot be resolved on a motion to dismiss:

> The agent of a disclosed principal is not personally bound by the terms of the contract which he executes in behalf of his principal unless he agrees to be personally liable. The intent to be personally bound may be express or may be inferred from all the facts. When the agent signs the document and indicates next to his signature his corporate affiliation, then absent evidence of contrary intent in the document, the agent is not personally bound. But where language in the body of the document conflicts with the apparent representation by the agent's signature, an issue of fact as to the agent's intent arises which is sufficient to withstand a motion to dismiss.

*Knightsbridge Realty Partners, Ltd. v. Pace*, 427 N.E.2d 815, 819 (Ill. App. Ct. 1981) (citations omitted). Defendant's motion to dismiss is, therefore, denied.