IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

TRUSTEES OF THE SUBURBAN TEAMSTERS   )
OF THE NORTHERN ILLINOIS PENSION     )
FUND AND WELFARE FUNDS,              )
    Plaintiff,                       )
                                     )
        v.                           )   No. 08 C 1228
                                     )   Hon. Judge Guzman
KHLOUD HEGAZIN, individually and d/b/a )
  American Group Trucking Co.,        )
    Defendant.                       )

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Khlood Hegazin ("Defendant"), improperly sued as Khloud Hegazin, by her attorney, for her Answer to Plaintiff's Complaint and Affirmative Defenses, states as follows:

**COUNT I**

**JURISDICTION AND VENUE**

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

   (b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Fund as described in Paragraph 2, is administered.

**ANSWER:** Defendant lacks knowledge sufficient to either admit or deny the allegations of paragraph 1.

**PARTIES**

2. (a) Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") and have standing to sue pursuant to 29 U.S.C. I 132(a)(3).

   (b) The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS have been established pursuant to collective bargaining agreement previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

**ANSWER:** Defendant lacks knowledge sufficient to either admit or deny the allegations of paragraph 2.

3. (a) KHLOUD HEGAZIN, individually and d/b/a AMERICAN GROUP TRUCKING CO., employs persons represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees. At the time of the contract and to date, AMERICAN GROUP TRUCKING CO. is not, nor ever has been, a corporation licensed to do business in the State of Illinois.

(b) KHLOUD HEGAZIN, Individually and d/b/a AMERICAN GROUP TRUCKING CO., operates a business with its principal place of business at 19425 Everette Lane, Mokena, Illinois. Said address is the residence of Ms. Hegazin.

(c) KHLOUD HEGAZIN, Individually and d/b/a AMERICAN GROUP TRUCKING CO., is an employer engaged in an industry affecting commerce.

**ANSWER:** Defendant admits that American Group Trucking Co., upon information and belief, is not an entity licensed to do business in Illinois but denies that she has ever been affiliated with any entity known as American Group Trucking Co. Defendant denies the remaining allegations of paragraph 3(a). Defendant admits that she resides at 19425 Vverette Lane, Mokena, Illinois and admits that she has been affiliated with a business that conducted business from this location known as America's Group Trucking Company. Defendant denies the remaining allegations of paragraph 3(b). Defendant denies the allegations of paragraph 3(c).

4. KHLOUD HEGAZIN, Individually and d/b/a AMERICAN GROUP TRUCKING CO., entered into Area Construction Agreement for the period June 1, 2006 through May 31, 2009 with Teamsters 179 which require contributions to the Funds pursuant to 29 U.S.C. 1145.

**ANSWER:** Defendant denies the allegations of paragraph 4.

5. Pursuant to the collective bargaining agreements between KHLOUD HEGAZ1N, Individually and d/b/a AMERJCAN GROUP TRUCKING CO., and the Union, KHLOUD HEGAZIN, Individually and d/b/a AMERICAN GROUP TRUCKING CO., has failed and continues to fail to make its obligated contributions to the Fund for the period June, 2007 through November, 2007, as disclosed in an audit which took place on February 18, 2008.

**ANSWER:**    Defendant denies the allegations of paragraph 5.

      6.    The audit disclosed $6,259.20 due the Pension Fund and $8,581 .92 due the Welfare Fund for a total of $14,841.12.

**ANSWER:**    Defendant admits that the audit so stated but denies that the results of the audit are accurate.

      WHEREFORE, Defendant requests that the relief sought by Plaintiff be denied and that this Court grant such further relief as it deems just.

      In further response to the Complaint, Defendant asserts the following affirmative defenses:

      1.    Defendant is not a party to the contract at issue and is not the proper party defendant. The agreement was entered into between Plaintiff and America's Group Trucking Company, an entity owned by Defendant. American Group Trucking is the proper defendant and Defendant should be dismissed.

      2.    Defendant, in her personal capacity, never hired any workers or conducted any business that would require contributions. The audit is based upon a review of the records of America's Group Trucking Company, not Defendant's records.

      3.    Neither Defendant nor her company conducted any union jobs; therefore, no contributions were called for under the agreement.

      3.    The agreement calls for contributions to be made for employees only. Neither Defendant nor her company hired any "employees." America's Group Trucking Company did not withhold taxes for its drivers, did not control the method and manner of the work performed by the drivers and paid all drivers on an hourly part-time basis for actual work performed.

WHEREFORE, Defendant requests that the relief sought by Plaintiff be denied and that this Court grant such further relief as it deems just.

 

Khlood Hegazin

By: s/ James E. Taylor
One of her Attorneys

James E. Taylor
Law Office of James E. Taylor, P.C.
8741 S. Greenwood Ave.
Suite 203
Chicago, IL  60619
(773) 731-1970

**CERTIFICATE OF SERVICE**

      I, James E. Taylor, an attorney, hereby certify that the foregoing DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES has been served upon the following:

John J. Toomey
Arnold & Kadjan
19 West Jackson Blvd.
Chicago, Illinois  60604

by electronic mail this 7th day of August, 2008.

                                                                s/ James E. Taylor
                                                                _____

                                                                James E. Taylor