IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, <br><br> Plaintiffs, <br><br> v. <br><br> KHLOUD HEGAZIN, individually and d/b/a American Group Trucking Co., <br><br> Defendant. | No. 08 C 1228 <br><br> Judge Guzman <br><br> Magistrate Judge Keys |

**MOTION TO STRIKE AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT AT LAW**

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds"), by their attorney, John J. Toomey, of Arnold and Kadjan, and pursuant to FRCP 12(f) move to strike Defendant's Affirmative Defenses to the Complaint as redundant, immaterial, irrelevant and insufficient in law as determined by the Seventh Circuit in 29 U.S.C. 1145 ERISA collection actions. In support of its Motion, Plaintiff states as follows:

**FACTUAL BACKGROUND**

On February 29, 2008, Plaintiffs filed their Complaint against Defendant alleging a failure to make contributions pursuant to an Area Construction Agreement (the "Agreement") which Defendant entered into for the period June 1, 2006 through May 31, 2009. See copy of Agreement attached hereto as Exhibit 1. On March 26, 2008, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) alleging that Defendant was not a proper party in the lawsuit. On April 23, 2008, Plaintiffs filed their response to Defendant's Motion to Dismiss. On June 19, 2008, this Court denied Defendant's Motion to Dismiss. Both parties have engaged in and exchanged discovery. On August 7, 2008, the Defendant filed its Answer and Affirmative Defenses. Defendant pleads four affirmative defenses in its Answer: (1) Defendant is not the

1

proper party, (2) Defendant did not conduct business in her personal capacity, (3) Defendant did not conduct union jobs and therefore no contributions were required, (4) Defendant did not hire any "employees" for which contributions were required.

## ANALYSIS

Under F.R.C.P. 12(f) a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This Court should strike all four of Defendant's affirmative defenses as they are insufficient defenses or redundant and/or immaterial.

**I.   DEFENDANT'S FIRST AFFIRMATIVE DEFENSE THAT DEFENDANT IS NOT A PARTY TO THE CONTRACT AT ISSUE IS CONTRARY TO THE LAW**

In its first affirmative defense, the Defendant asserts: "Defendant is not a party to the contract at issue and is not the proper party defendant. The agreement was entered into between Plaintiff and America's Group Trucking Company, an entity owned by Defendant. American Group Trucking is the proper defendant and Defendant should be dismissed."

Plaintiffs reassert their arguments in their response to Defendant's previously filed Motion to Dismiss. It is clearly spelled out on the Agreement that the "Company" which entered into the Agreement is "American Group Trucking Co." and not "America's Group Trucking Company." The Agreement also discloses that under the "Title" heading that Defendant signed in her own individual capacity as "Khood Hegazin" and did not indicate that she was President of any corporation. See Exhibit "1". For the Defendant to now argue that she should be given the corporate protection of a non-party to the Agreement would require a showing that Defendant was authorized to operate under an assumed corporate name of a corporation (namely "America's Group Trucking Company").

Under the Illinois Business Corporation Act of 1983 (the "Act"), in order to transact business under an assumed corporate name, a corporation must, for each assumed name it wishes to use, execute and file an application which discloses: (1) its true corporate name, (2) the state

2

under which it is organized, (3) the fact that it plans to transact business under an assumed corporate name, and (4) the assumed name it plans to use. See 805 ILCS 5/4.15(c). "Where these procedures are not followed, the corporation is required to conduct business under its corporate name." Hoskins Chevrolet, Inc. v. Ronald Hochberg, 294 Ill.App.3d 550, 555 (4th Cir. Ill. 1998). In Hoskins, the Court held that a trial court did not err in finding that a "corporation's use of the unregistered name Diamond Auto Construction was sufficient to impose personal liability on him." Id. at 553. The Court specifically held that the "defendant presented no evidence of a good-faith effort to comply with the statutory formalities of the Act for either creating a corporation or operating under an assumed name. Accordingly, [defendant] was not a *de facto* corporation..." Id. at 556.

In the matter at hand, the Defendant has not alleged that it signed the Agreement under the assumed name of any corporation nor has it alleged any effort to comply with the requirements under the Act to transact business under an assumed name. As such, Defendant cannot claim to have been operating under the name of a corporation which was not disclosed on the face of the Agreement. Therefore, because Defendant's first affirmative defense is contrary to the controlling law in Illinois it must be stricken.

## II.   DEFENDANT'S SECOND AFFIRMATIVE DEFENSE THAT DEFENDANT DID NOT HIRE ANY EMPLOYEES IN HER PERSONAL CAPACITY IS CONTRARY TO THE LAW

In its second affirmative defense, the Defendant asserts: "Defendant in her personal capacity, never hired any workers or conducted any business that would require contributions. The audit is based upon a review of the records of America's Group Trucking Company, not Defendant's records."

Defendant's second affirmative defense relies on the same theory in its first affirmative defense that it was not acting in an individual capacity. As such, Plaintiffs reassert its arguments in response to Defendant's first affirmative defense and for the same reasons stated above ask

3

that this Court strike Defendant's second affirmative defense as redundant and contrary to the controlling law in Illinois.

### III. DEFENDANT'S THIRD AFFIRMATIVE DEFENSE THAT DEFENDANT DID NOT CONDUCT ANY UNION JOBS IS IMPERTINENT AND IMMATERIAL TO THIS ACTION

In its third affirmative defense, Defendant asserts that "[n]either Defendant nor her company conducted any union jobs; therefore, no contributions were called for under the agreement." This affirmative defense is contrary to the language of the Agreement which was signed by Defendant. Article 1, Section 1.4 of the Agreement defines the scope of work under the Agreement. Specifically, Section 1.4 defines the jurisdiction of work covered by the Agreement as follows "This Agreement shall apply to employees in the classifications herein set forth in the performance of work involved in the following operations…" See Exhibit 1. The Agreement goes on to enumerate the type of work covered by the Agreement which includes but is not limited to transporting heavy equipment, hauling various materials (asphalt, sand, rubbish, slag, concrete, cement, etc.), back filling, digging, leveling and grading, etc. The Agreement does not distinguish between "union" or "non-union" jobs. Rather, it defines a scope of work for which the Defendant must abide by the contract if such work is performed. Therefore, the relevant issue is whether Defendant performed work which fell under the scope of the Agreement and not whether such work was arbitrarily labeled as "union" or "non-union." Therefore, because Defendant's third affirmative defense is clearly contrary to the language of the controlling Agreement it is impertinent and immaterial and it must be stricken.

### IV. DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE THAT DEFENDANT DID NOT HIRE ANY "EMPLOYEE" FOR WHICH CONTRIBUTIONS WERE REQUIRED IS IMPERTINENT, IMMATERIAL AND CONTRARY TO LAW

In its fourth affirmative defense, Defendant asserts: "The agreement calls for contributions to be made for employees only. Neither Defendant nor her company hired any 'employees.' America's Group Trucking Company did not withhold taxes for its drivers, did not control the method and manner of the work performed by the drivers and paid all drivers on an

hourly part-time basis for actual work performed." In raising this affirmative defense, Defendant is asserting that it essentially brokers work which is covered under the Agreement to subcontractors who are paid by Defendant and perform the work on behalf of Defendant. This affirmative defense is contrary to the language of the Agreement and contrary to case law.

In Trustees of the Suburban Teamsters v. Hope Cartage, Inc., 2005 U.S. Dist. LEXIS 27866 (N.D. Ill 2005), the Court specifically addressed the issue of whether the agreement required that contributions be paid on behalf of drivers to whom work was subcontracted.[1] Id. at 17. (See copy of decision attached hereto as Exhibit 2). After reviewing the pertinent provisions of the agreement, the Court found that the defendant "was obligated to treat owner-drivers doing work covered by the CBA as if they were employees and were required to make contributions to the Health and Welfare and Pension funds unless the owner-drivers fell under" the subcontracting provisions. Id. at 21.

Under Article 3, Section 3.1 of the Agreement the Defendant "agrees that neither it nor any subcontractors will subcontract any work covered by this Agreement to be done at the site of construction, alterations, painting, or repair of a building structure, road or other work, except to a person, firm or corporation, signatory to this Agreement." See Exhibit 1. Under Article 3, Section 3.2, the Defendant further "agrees that when subcontracting work covered by this Agreement which is to be performed within the geographical area covered by this Agreement, but which is not to be performed at the site of the construction, alteration, painting or repair of a building, structure, road or other work, the Employer will subcontract such work only to a person, form, or corporation who: 1) Agrees it writing that the persons performing such work will receive not less than the wages and economic benefits, or their equivalent, required to be paid to employees working under this Agreement; and…" See Exhibit 1. Under Article 3, Section 3.3 of the Agreement, an employer is relieved of its liability to contribute for its

---

[1] In Hope Cartage, the Court analyzed a 2000-2003 Teamsters collective bargaining agreement which contained similar provisions to that of the Agreement in the matter at hand.

subcontractors only where it has complied with the sections of Article 3 discussed above. Otherwise, in accordance with the Agreement and <u>Hope Cartage</u>, the Defendant maintains liability to pay contributions for the work performed by its subcontractors.

Therefore, Defendant's fourth affirmative defense is impertinent, immaterial, contrary to the language of the Agreement and contrary to case law and must be stricken.

## CONCLUSION

For the foregoing reasons, pursuant to F.R.C.P. 12(f), this Court must strike all four of Defendant's affirmative defenses as insufficient, redundant, and immaterial.

                TRUSTEES OF THE SUBURBAN
                TEAMSTERS OF NORTHERN ILLINOIS
                WELFARE AND PENSION FUNDS


By:    /s John J. Toomey
        One of Its Attorneys

JOHN J. TOOMEY
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415